1

2   Wan J. Kim
    Assistant Attorney General
3   Steven H. Rosenbaum
    Michael S. Maurer
4   D. W. Tunnage
    Sara Niles
5      Attorneys
6   U.S. Department of Justice
    Civil Rights Division
7   Housing and Civil Enforcement Section - G St.
8   950 Pennsylvania Ave
    Washington, D.C. 20530
9   202-514-2168

10  Daniel G. Bogden
    United States Attorney
11  Blaine T. Welsh
    Assistant U.S. Attorney
12  333 Las Vegas Boulevard
13  Suite 5000
    Las Vegas, NV 89101
14  702-388-6336
15  Attorneys for Plaintiff

16              UNITED STATES DISTRICT COURT
17              DISTRICT OF NEVADA

    UNITED STATES OF AMERICA,              )
18                                         )
                  PLAINTIFF,               )       Civil Action No.
19                                         )       CV-S-02-1630-LDG-RJJ
                                           )
20                  V.                     )
                                           )
21  BONANZA SPRINGS, LLC; TEMPLE 1991      )
    REVOCABLE TRUST dba BONANZA            )       **CONSENT DECREE**
22  SPRINGS APARTMENTS; "RJ" A. BARRY,     )
    TEMPLE DEV. CORP., AND TEMPLE          )
23  INVESTMENT TRUST                       )
                                           )
24                                         )
                  DEFENDANTS.              )
25  _____    )

26
        Plaintiff United States and Defendants Bonanza Springs, LLC; Temple 1991 Revocable
27
    Trust dba Bonanza Springs Apartments; Temple Investment Trust; Temple Development
28

Corporation; and "RJ" A. Barry ("defendants") agree to the terms of this Consent Decree resolving the Complaint filed by the United States.

## INTRODUCTION

The United States filed its complaint on December 12, 2002, alleging violations of Sections 804(a), (b), (c), (d), (f)(1)(A), (f)(2), (f)(3)(B), and 818 of the Fair Housing Act, 42 U.S.C. §§ 3604(a), (b), (c), (d), (f)(1)(A), (f)(2), (f)(3)(B), and 3617, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (the Act).[1]  Specifically, the United States' Complaint alleges that defendants have engaged in a pattern or practice of discrimination against persons on the basis of race, familial status, and disability in the operation of Bonanza Springs Apartments (Bonanza Springs), located at 600 E. Bonanza, Las Vegas, Nevada.

Defendant Bonanza Springs, LLC (BSLLC), is a Nevada corporation whose principal place of business is in Las Vegas, Nevada.  BSLLC owns Bonanza Springs.  Defendant Temple 1991 Revocable Trust dba Bonanza Springs Apartments (Temple 1991) was the principal or corporate owner of Bonanza Springs during relevant times of the complaint.  Defendant Temple Investment Trust (TI Trust) was the principal or corporate owner of Bonanza Springs during relevant times of the complaint.  Defendant Temple Development Corporation (TDC) is a Nevada corporation whose principal place of business is in Las Vegas, Nevada, and was the rental management company responsible for the operation of Bonanza Springs.  Defendant "RJ" A. Barry (Barry) was the resident manager at Bonanza Springs from approximately January 2000

---

[1] On September 20, 2005, the United States amended its complaint to include Temple Investment Trust and Temple Development Corporation as defendants.

2

until November 2002.

In its Complaint, the United States alleged that defendants, by and through their agents,

A.   Refused to rent or refused to rent certain apartments to African American persons, families with children, and persons with disabilities in violation of 42 U.S.C. §§ 3604(a) and (d);

B.   Subjected African American persons and persons with disabilities to different conditions in the rental of apartments based upon race or disability, in violation of 42 U.S.C. §§ 3604(b) and (f)(2);

C.   Made statements indicating a preference to not rent to African American persons, persons with disabilities, and families with children in violation of 42 U.S.C. § 3604(c);

D.   Refused to make reasonable accommodations in rental practices and services to persons with disabilities in violation of 42 U.S.C. § 3604(f)(3)(B); and

E.   Intimidated, threatened, and interfered with persons who, by filing housing discrimination complaints with the United States Department of Housing and Urban Developments, exercised their rights under the Act, in violation of 42 U.S.C. § 3618.

The defendants deny all allegations in both the complaint and amended complaint, and do not admit any wrongdoing.

The parties agree that this Court has jurisdiction over the subject matter of this case.  The parties also agree that the controversy should be resolved without further proceedings and without an evidentiary hearing.  Further, all corporate defendants and the individual defendant, "RJ" A. Barry, represent that none is currently participating in the ownership, management or operation of multi-family residential property, including but not limited to showing and renting

3

units, making repairs, collecting rents, or determining to whom to rent and/or evict.  Therefore, the parties have consented to the entry of this Consent Decree as indicated by the signatures appearing below.

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

## I. GENERAL INJUNCTION

Defendants, their agents, employees, and all persons in active concert or participation with any of them in the ownership or operation of any multi-family housing during the term of this Consent Decree, are enjoined from:

A.     Refusing to rent, misrepresenting the availability of apartments, or otherwise making apartments unavailable for rent on the basis of race, familial status, or disability;

B.     Imposing different terms and conditions for the rental of apartments on the basis of race, familial status, or disability;

C.     Making any statements with respect to the rental of an apartment that indicates any preference, limitation or discrimination on the basis of race, familial status, or disability;

D.     Refusing to make reasonable accommodations in rules, policies, practices or services when necessary to afford persons with disabilities equal opportunity to enjoy a dwelling; and

E.     Intimidating, threatening, or interfering with persons in the exercise of their rights under the Act or on account of persons having aided or encouraged any other person in the exercise of their rights under the Act.

4

## II. DEFENDANT "RJ" A. BARRY CONDITIONAL INJUNCTION AND REPORTING

In the event Defendant Barry secures employment in the management or operation of multi-family residential property, including but not limited to showing and renting units, making repairs, collecting rents, or determining to whom to rent and/or evict, the following provisions shall apply:

Prior to commencing employment in the management or operation of any multi-family residential property, Defendant Barry must:

A.   Notify the prospective employer of this lawsuit, its resolution, and provide the prospective employer with a copy of this Consent Decree.

B.   Undergo training on the Fair Housing Act, with specific emphasis on discrimination on the basis of race, disability, and familial status.  The training shall be conducted by an independent, qualified third party, approved by the United States, and any expenses associated with this training shall be borne by Defendant Barry.  Defendant Barry shall obtain from the trainer a certification of attendance confirming his attendance, in a form substantially equivalent to Appendix B.  This certification must be provided to counsel for the United States within ten days of execution.

C.   Provide written notice to counsel for the United States of the identity, address and telephone number of the employer; as well as his sworn certification that he informed the employer of this lawsuit and provided the employer a copy of this consent decree.

D.   During the period in which this Consent Order is in effect, Defendant Barry shall notify counsel for the United States in writing within 15 days of receipt of any housing

5

discrimination complaint on the basis of race, familial status or disability against him or his employer. Defendant Barry shall provide copies of written complaints with the notification. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendant Barry shall also promptly provide the United States all information it may request concerning any such complaint and its actual or attempted resolution.

### III. DEFENDANTS BSLLC, TEMPLE 1991 TRUST, TI TRUST, AND TDC CONDITIONAL INJUNCTION AND REPORTING

If any of the corporate defendants identified in this Consent Decree obtains an ownership interest, in whole or in part, or participates in the management or operation of multi-family residential property, including but not limited to showing and renting units, making repairs, collecting rents, or determining to whom to rent and/or evict, the following provisions shall apply to that defendant (referred to in this Section only as "the defendant"):

#### A. ADOPTION AND NOTICE TO EMPLOYEES OF NONDISCRIMINATION POLICY

1. Within ten (10) days of assuming an ownership interest or participating in the management or operation of multi-family residential property, the defendant shall implement a written fair housing policy as set forth in Appendix A. The defendant shall distribute such policy to all of its rental managers, leasing agents, and other employees and agents with apartment rental responsibilities at any multi-family residential housing complex owned and/or operated by defendant and obtain each such person's signature signifying that he or she has received a copy of and read the fair housing policy. During the term of this Consent Decree, if the defendant wishes

to modify or alter the policy, it will submit the proposed changes to counsel for the United States for review and approval.

2.  For each new rental manager, leasing agent, and other employee and agent with apartment rental responsibilities hired by the defendant during the term of the Consent Decree, the defendant shall: within ten (10) days after the date of hire, distribute to that person a copy of the fair housing policy and obtain a signature acknowledging receipt and reading of such policy.

3.  Within 30 days of assuming an ownership interest or participating in the management or operation of multi-family residential property, all rental manager(s) for each multi-family residential housing complexes owned and/or operated by the defendant shall undergo training on the Fair Housing Act, with specific emphasis on discrimination on the basis of race, disability, and familial status.  The training shall be conducted by an independent, qualified third party, approved by the United States, and any expenses associated with this training shall be borne by the defendant.  The defendant shall obtain from the trainer certifications of attendance executed by the rental manager(s), confirming his/her attendance, in a form substantially equivalent to Appendix B.

**B.    IMPLEMENTATION OF POLICIES AND PROCEDURES**

1.  Within ten (10) days of assuming an ownership interest or participating in the management or operation of multi-family residential property, the defendant shall distribute the written fair housing policy, as set forth in Appendix A, to its rental managers, leasing agents, and other employees or agents with rental management responsibilities at any multi-family residential housing complex owned and/or operated by the  defendant and shall prominently post such

policy.

2.   Within thirty (30) days of assuming an ownership interest or participating in the management or operation of multi-family residential property, the defendant shall require rental managers, leasing agents, and other employees or agents with rental management responsibilities at any multi-family residential housing complex owned and/or operated by the defendant to keep a weekly log of all available apartments.

C.    NOTICE TO THE PUBLIC OF NONDISCRIMINATION POLICY

Any defendant who assumes an ownership interest or participates in the management or operation of multi-family residential property is required to implement the following information program for the public within ten (10) days of such assumption or participation:

1. Include the following written statement on all the defendant's rental applications, leases and written tenant rules:

["Name of Housing Complex"] is an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, familial status, marital status, or disability.

2. Distribute an official Form HUD-903.1 pamphlet to each current and future household that occupies a dwelling owned and/or operated by the defendant during the duration of this decree;

3. Conspicuously post a sign, approved by the United States, stating, *inter alia*, "Equal Housing Opportunity" in any rental office in which persons may inquire about leasing apartments at any multi-family residential housing complex owned and/or operated by the defendant.  This sign shall indicate that all apartments are available for rent on a nondiscriminatory basis.  An

8

11 inch x 14 inch sign equivalent to the reduced sample appended to this Order as Appendix C will satisfy this requirement. Such sign shall be placed in a prominent, well-lighted, and easily readable location within all rental office areas where prospective tenants make inquiries; and

4. Include the phrase "Equal Housing Opportunity" or the fair housing logo in all newspaper and other written rental advertising, including billboards and telephone directory listings.

### D.   RECORDKEEPING REQUIREMENTS

Any defendant who assumes an ownership interest or participates in the management or operation of multi-family residential property is required to preserve all records related to any multi-family residential housing complex owned and/or operated by that defendant and compliance with this Consent Decree, including rental applications; leases; records of deposit payments; notices to terminate tenancy; police reports; move ins and move outs; requests for maintenance; repairs; requests for modifications to the covered complex's policies, practices, or services; and/or requests for reasonable accommodations. Upon reasonable notice to the defendant, representatives of the United States shall be permitted to inspect and copy all such records of the defendant at any and all reasonable times; provided, however that the United States shall endeavor to minimize any inconvenience to the defendant from inspection of such records.

### E.   REPORTING REQUIREMENTS

1. Within thirty (30) days of assuming an ownership interest or participating in the management or operation of multi-family residential property, the defendant shall provide counsel for the United States a written statement that shall include the following information:

9

a.  copies of all certifications of attendance at training programs and acknowledgments of receipt of consent decree and policies as required under this Order;

b.  copies of the availability logs, guest cards and any documents related to any inquiries regarding the availability of apartments at any multi-family residential housing complex owned and/or operated by the defendant;

c.  a list of the move-ins and of the move-outs for each apartment unit at any multi-family residential housing complex owned and/or operated by the defendant and the race, familial status, and, if known, disability status of each move-in and move-out during the reporting period; and

d.  a photograph of each office in which rental activity is conducted, showing the fair housing signs required by this Order.

2.  Every six months following the assumption of an ownership interest or participation in the management or operation of multi-family residential property (except for the final report required by the consent decree, which shall be sent one month prior to the expiration of the decree), the defendant is required to report to the United States for the purpose of monitoring compliance with this Consent Decree by mailing to counsel for the United States the following documents which shall provide information covering the preceeding six months (five months for the last report required by the decree):

a.  copies of all certifications of attendance at training programs and acknowledgments of receipt of consent decree and policies as required under this Order;

b.  copies of the availability logs, guest cards and  any documents related to any

10

documents relating to inquiries regarding the availability of apartments at any multi-family

residential housing complex owned and/or operated by the defendant;

c. a list of the move-ins and of the move-outs for each apartment unit at any

multi-family residential housing complex owned and/or operated by the defendant and the race,

familial status, and, if known, disability status of each move-in and move-out during the

reporting period; and

d. a photograph of each office in which rental activity is conducted, showing the

fair housing signs required by this Order.[2]

e. copies of reports and records obtained within the preceding six months

pursuant to Section V above; and

f. copies of advertising used by the defendant in the preceding six months as

described in Section III of this Consent Decree.

3.   During the period in which this Consent Order is in effect, the defendant shall notify

counsel for the United States in writing within 15 days of receipt of any written legal or

administrative housing discrimination complaint on the basis of race, familial status or disability

against any of them, or against any of defendants' employees, rental agents or residential rental

properties.  The defendant shall provide copies of written complaints with the notification.  The

notification shall include the full details of the complaint, including the complainant's name,

address, and telephone number.  The defendant shall also promptly provide the United States all

---

[2] Beginning with the second report, unless the fair housing sign(s) have been altered, moved, or changed in any way from the initial report, the defendant is exempted from this requirement.

11

information it may request concerning any such complaint and its actual or attempted resolution.

## IV. COMPENSATION FOR AGGRIEVED PERSONS

Defendants BSLLC, Temple 1991 Trust, TI Trust, TDC, and "RJ"A. Barry shall pay the total sum of TWO HUNDRED EIGHTY FIVE THOUSAND DOLLARS ($285,000.00) for the purpose of compensating the aggrieved persons listed in Appendix D, in the manner and amount listed in Appendix D.

## V. CIVIL PENALTY

Within ten (10) days of the date of entry of this Consent Decree, Defendants BSLLC, Temple 1991 Trust, TI Trust, TDC and "RJ" A. Barry shall pay to the United States a civil penalty of ONE HUNDRED SIXTY FIVE THOUSAND DOLLARS ($165,000) pursuant to 42 U.S.C. § 3614(d)(1) (c). This sum shall be paid by submitting to plaintiff's counsel a check made payable to the United States of America.[3]

## VI. TESTING

The United States may conduct fair housing testing at any multi-family rental housing complex owned, managed or operated, in whole or in party, by any defendant to ensure compliance with this Consent Decree.

---

[3] For purposes of all correspondence required by this Decree, all deliveries should be sent via overnight delivery to the following address:

> U.S. Department of Justice
> Civil Rights Division, Housing and Civil Enforcement Section
> 1800 G Street, NW 7th Floor
> Washington, DC 20006.

## VII.  DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

A.      This Consent Decree shall remain in effect for four (4) years after the date of its entry.

B.      By consenting to entry of this Decree, the United States and Defendants BSLLC, Temple 1991 Trust, TI Trust, TDC and "RJ" A. Barry agree that in the event that any defendant engages in any future violation(s) of the Fair Housing Act in any rental ownership or management beginning after entry of the Decree, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

C.      The Court shall retain jurisdiction for the term of this Consent Decree to enforce the terms of the Decree.  The United States may move the Court to extend the duration of the Decree in the interests of justice.

D.      The United States and defendants shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution.  However, in the event of a failure by defendants to perform in a timely manner any act required by this Decree or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

13

## VIII.  TIME FOR PERFORMANCE

Any time limits for performance imposed by this Consent Decree may be extended by the mutual agreement of the United States and the relevant defendants.

## IX.  COSTS OF LITIGATION

Each party to this Consent Decree shall bear its own costs and attorney's fees associated with this litigation.

IT IS SO ORDERED:

This __*15*__ day of ___*MARCH*___, 2007.


_____
United States District Judge

14

1

2

**FOR PLAINTIFF UNITED STATES:**

3

DANIEL G. BOGDEN                                   WAN J. KIM
4    United States Attorney                             Assistant Attorney General

5

6

BLAINE T. WELSH                                    STEVEN H. ROSENBAUM
7    Assistant United States Attorney                  Chief
                                                        MICHAEL S. MAURER
8                                                       Deputy Chief
                                                        D.W. TUNNAGE
9                                                       SARA NILES
                                                        Attorneys
10                                                      United States Department of Justice
                                                        Civil Rights Division
11                                                      Housing & Civil Enforcement
                                                          Section - G St.
12                                                      950 Pennsylvania Avenue
                                                        Washington, D.C.  20530
13                                                      202-514-2168

14

15

                                                        March 15, 2007
16                                                      Date

17

18

19

20

21

22

23

24

25

26

27

28                                        15

1

2

3

**FOR DEFENDANTS BONANZA SPRINGS, LLC AND TEMPLE 1991 REVOCABLE TRUST DBA BONANZA SPRINGS APARTMENTS:**

4

5

6

7

AARON TEMPLE
On behalf of Bonanza Springs, LLC and Temple 1991 Revocable Trust dba Bonanza Springs
Apartments

8

9

10

11

LEANN SANDERS
JOSEPH R. MARIDON, JR.
Alverson, Taylor, Mortenson, Nelson & Sanders
7401 West Charleston Boulevard
Las Vegas, NV 89117

12

13

14

15

16

2-27-07
Date

17

18

19

20

21

22

23

24

25

26

27

28

16

1

2

**FOR DEFENDANTS TEMPLE INVESTMENT**
3   **TRUST AND TEMPLE DEVELOPMENT**
**CORPORATION:**

4

5

6

_____
7   AARON TEMPLE
On behalf of Temple Investment Trust and
8   Temple Development Corporation

9

10

11

_____
12   MICHAEL OLSEN
851 South Rampart Boulevard,
13   Suite 105
Las Vegas, NV 89145

14

15

16

_____
17   Date

18

19

20

21

22

23

24

25

26

27

28                           17

1

2

**FOR DEFENDANTS TEMPLE INVESTMENT
TRUST AND TEMPLE DEVELOPMENT
CORPORATION:**

3

4

5

6

7

8

_____

AARON TEMPLE
On behalf of Temple Investment Trust and
Temple Development Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL OLSEN
851 South Rampart Boulevard,
Suite 105
Las Vegas, NV 89145

3/7/07
Date

17

1

2   FOR DEFENDANT "RJ" A. BARRY:

3

4

5
    _____
6   GRIFFITH H. HAYES
    SYLVIA TISCARENO
7   KRISTEN TYLER
    Cooksey, Toolen, Gage, Duffy & Woog
8   3753 Howard Hughes Parkway, Suite 101
    Las Vegas, Nevada 89109
9

10
    _____
11  "RJ" A. BARRY

12

13  _____
    Date
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          18

**APPENDIX A**

It is the policy of _____ Apartments to comply with Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq., by ensuring that apartments are available to all persons without regard to familial status (having children under age 18). This policy means that, among other things, _____ Apartments and all its agents or employees with the responsibility for renting, or managing any dwelling units must not discriminate in any aspect of the rental of dwellings against qualified applicants or tenants because of race, disability, and/or familial status. Such agents and employees may not:

a. Refuse to rent after the making of a bona fide offer, or refuse to negotiate for rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, disability, and/or familial status;

b. Discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, disability, and/or familial status;

c. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, disability, and/or familial status, or an intention to make any such preference, limitation, or discrimination; or

d. Coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

Any agent or employee who fails to comply with this non-discrimination policy will be subject to appropriate disciplinary action, which may include termination and/or eviction. Any action taken by an agent or employee that results in the unequal service, treatment or behavior to tenants on the basis of race, disability, and/or familial status may constitute a violation of state and federal fair housing laws.

19

APPENDIX B

CERTIFICATION OF FAIR HOUSING TRAINING ATTENDANCE
AND ACKNOWLEDGMENT OF RECEIPT OF CONSENT DECREE

I certify that I attended fair housing training on   [insert date].  I attended the full training course provided on that date.

I also certify that I have received a copy of the Consent Order entered in <u>United States</u> v. <u>Bonanza Springs, LLC, et al.</u>, United States District Court for the District of Nevada, Civ. No. _____.  This Consent Order was explained to me by at the training and all my questions were answered concerning it.  I have read and understood the Consent Order.

Trainer's Initials: _____

_____
DATE

_____
TRAINEE'S NAME (PRINT)

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX C**

**FAIR HOUSING SIGN**



21

**APPENDIX D**

DISTRIBUTION OF COMPENSATORY AWARDS

Within ten (10) days of entry of this Consent Decree, defendants shall issue a check to the United States in the amount of $285,000 for the purpose of compensating the following persons in the amounts indicated next to each name.  The defendants shall send the check, via overnight delivery, to counsel for the United States at the following address:

> United States Department of Justice
> Civil Rights Division
> Housing and Civil Enforcement Section
> 1800 G Street, NW 7th Floor
> Washington, DC 20006

The United States shall not disburse any funds to aggrieved persons prior to receiving a signed release, as set forth in the Attachment to this Appendix.  The United States shall not retain any funds beyond the duration of this Consent Decree.

Within sixty days prior to the expiration of the Consent Decree, the United States shall notify defendants of any aggrieved person(s) who did not receive or accept compensation under this Consent Decree.  In the event that there is any unclaimed compensation, the total amount of any undistributed check(s) shall be evenly distributed among all aggrieved persons who received compensation under this Consent Decree.  The United States shall issue checks accordingly.

| AGGRIEVED PERSON | AMOUNT |
| --- | --- |
| David Johnson | $42,250 |
| Larry Walls | $42,250 |
| Ralph Torres | $26,300 |
| Marsha Crothers (Care of Estate) | $26,300 |
| Sabrina Elliot | $26,300 |
| Frank Chavis | $37,000 |
| Amanda Price | $16,000 |
| Kay Garretson | $26,300 |
| Samuel Thurman | $26,300 |
| Bobbie Jean Cross | $16,000 |

1
2
3

**ATTACHMENT**

4

**FULL AND FINAL RELEASE OF CLAIMS**

5

      In consideration for the parties' agreement to the terms of the Consent Decree entered in

6

*United States v. Bonanza Springs Apartments, LLC et al.*, and the defendants' payment to me of

7

$_____, I, _____, hereby agree, effective upon receipt of payment, to remise, release and forever discharge any and all claims of any kind, nature or description whatsoever, related to the

8

facts at issue in the litigation referenced above, or in any way related to that litigation, or any other claims arising from alleged housing discrimination by these defendants up to and including the date

9

of execution of this release, or any claims which were or could have been pursued based upon the allegations in the Consent Decree or made during the litigation referenced above that I may have

10

against defendants and their agents, employees, officers, heirs, executors, spouses, administrators, successors, assigns or owners.

11
12

      I acknowledge and understand that, by signing this Release and accepting this payment, I am waiving any right to pursue my own legal action based on the discrimination alleged by the United

13

States in this case.

14

      I also acknowledge that I have been informed that I may review the terms of this Release with

15

an attorney of my choosing, and to the extent that I have not obtained legal advice, I voluntarily and knowingly waive my right to do so.

16
17

      The Release constitutes the entire agreement between Defendants and me, without exception or exclusion.

18
19

I declare under penalty of perjury that the foregoing is true and correct.

20
21

Executed this _____ day of _____, 2007.

22
23

_____

24

Name

25
26
27
28

23